IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANA H. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08cv0329 |
| ) | |
| KYPHON, INC., MEDTRONIC, INC., ) | Judge Thomas A. Wiseman, Jr. |
| and ANDREW ("DREW") C. HAMRIC, ) | |
| an individual, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM and ORDER

Before the Court is Plaintiff Dana H. Smith's Motion to Remand to State Court (Doc. No. 9), requesting that the Court enter an order remanding the matter to the Circuit Court for Davidson County, Tennessee from which Defendants removed it. In support of her motion, Plaintiff submits that Defendants' removal papers were untimely and that timely filing of removal papers is a technical requirement of removal. For the reasons discussed below, the motion will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 17, 2007, Plaintiff filed a complaint ("First Complaint") in Tennessee state court against Kyphon, Inc. and Andrew Hamric alleging violation of the Tennessee Handicap Act. (Doc. No. 13-1 (Decl. of Rhonda L. Nelson), at ¶ 2; Doc. No. 13-2, at 7.) Twenty-five days later, on September 11, 2007 (before Defendants were required to answer), Plaintiff voluntarily dismissed the First Complaint without prejudice. (Doc. No. 13-2, at 37–38.)

In correspondence dated February 13, 2008 (sent via e-mail and regular mail) to the attorneys who had represented Kyphon and Hamric in the first suit, Plaintiff's counsel indicated that Plaintiff intended to re-file suit. Enclosed with the e-mail was a "courtesy copy" of the proposed complaint, which included federal claims and added Medtronic, Inc. as a defendant. In the same letter, Plaintiff's counsel inquired whether defense counsel was authorized to accept service on behalf of Defendants. (Doc. No. 13-2, at 40–41.) On February 20, Plaintiff filed the proposed complaint ("Second Complaint") in Tennessee state court and notified defense counsel by e-mail that the Second Complaint had been filed. On February 21, Rhonda Nelson, one of Defendants' lawyers, informed Plaintiff's counsel that she would

2

accept service of the Second Complaint for all three Defendants. (Doc. No. 13-2, at 64.) On March 5, service of process was effected by serving Defendants' counsel with the summons and a copy of the Second Complaint. Twenty-seven days later, on April 1, Defendants removed the matter to federal court.

## II. ANALYSIS

The timeliness of a removal of a civil case to federal court is determined by statute:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt by the defendant, through service or otherwise, of a copy of the initial pleading* . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). Plaintiff argues that the statute should be interpreted to mean that the removal period was triggered on February 20, when defense counsel was notified of Plaintiff's intention to file the Second Complaint, a copy of which defense counsel had already received by e-mail on February 13. In support of its position, Plaintiff cites *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Co.*, 5 F.3d 963, 967–68 (6th Cir. 1993), in which the Sixth Circuit adopted the "receipt rule," a "straightforward" interpretation of 28 U.S.C. § 1446(b). According to the "receipt rule," formal service is not necessary to trigger the removal period. *Id.* at 967–68. Instead, "the removal period is commenced when the defendant has in fact received a copy of the initial pleading that sets forth the removal claim." *Id.* at 968.

The "receipt rule," however, has been expressly rejected by the Supreme Court. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). *See also Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002) (recognizing that *Murphy Brothers* overruled *Tech Hills II*). In *Murphy Brothers*, the Supreme Court held that the thirty-day window is "triggered by the simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." *Murphy Bros.*, 526 U.S. at 347–48 (emphasis added). Furthermore, the Court described service of process as "fundamental to any procedural imposition on a named defendant." *Id.* at 350.

Plaintiff contends that this case is distinguishable from *Murphy Brothers* because the filing of the Second Complaint was a "mere re-initiation" of the original lawsuit. (Doc. No. 11, at 5.) According to

Case 3:08-cv-00329   Document 18   Filed 06/24/08   Page 2 of 3 PageID #: 186

Plaintiff, because Defendants Kyphon and Hamric were formally served with the First Complaint, it was unnecessary formally to serve them again, even though the Second Complaint includes new, federal claims and a new defendant.

Plaintiff's argument is unpersuasive. Besides the fact that the Second Complaint included new claims against a new defendant, service of the summons is "the *sine qua non* directing an individual or entity to participate in a civil action." *Murphy Bros.*, 526 U.S. at 350. The Second Complaint represents a separate action from the First Complaint. When a complaint is voluntarily dismissed without prejudice, as was the First Complaint, in the eyes of the law it is "as if the action had never been filed." *Chott v. Cal Gas Corp.*, 746 F. Supp. 1377, 1378 (E.D. Mo. 1990) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367, at 186 (1971)); *accord Quelette v. Whittmore*, 627 S.W.2d 681, 682 (Tenn. Ct. App. 1981) ("When plaintiffs voluntarily dismissed their lawsuit, the effect was as if they had never filed suit."). Thus, when Plaintiff filed the Second Complaint, it "create[d] a new action for purposes of removal." *Chott*, 746 F. Supp. at 1378.[1]

The import of *Murphy Brothers* under these circumstances is clear: Formal service is necessary to trigger the thirty-day limitation on removal. Here, it is undisputed that formal service of the Second Complaint did not occur until March 5. Twenty-seven days later, and within the thirty-day window allowed by statute, Defendants filed their timely Notice of Removal.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. No. 9) is hereby **DENIED**.

It is so **ORDERED**.

The matter is referred to the Magistrate Judge for further case management as necessary.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

[1] Plaintiff also contends, citing *McCraney v. Hibernia National Bank*, No. 07-1838, 2007 WL 2406987 (E.D. La. Aug. 20, 2007), that the application of *Murphy Brothers* should be limited to the facts of that case. In *McCraney*, the court held that, *Murphy Brothers* notwithstanding, the defendant's removal time was triggered when he received a "courtesy copy" of the proposed amended pleading, which asserted federal claims, because at that time the defendant "was put on notice that the Plaintiff was asserting federal claims." *Id.* at *1–*2. The court said that after two years of the parties' dealing with state claims in state court, "it became clear that the Plaintiff was asserting claims under the federal FRCA [Fair Credit Reporting Act]." *Id.* at *2. Without deciding whether the holding in *McCraney* was correct, this Court finds that the facts of this case are distinguishable from those of *McCraney*.